IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

CRAIG MILLER,

                Plaintiff,

   v.                                                   ORDER
                                                          07-cv-567-jcs
STATE OF WISCONSIN,

                Defendant.
_____

    Plaintiff commenced this civil action by paying the filing fee on October 9, 2007. He alleges that he was intentionally discriminated against on the basis of his race when he was convicted in state court of a crime.

    Defendant filed a motion to dismiss plaintiff's complaint on December 19, 2007. Plaintiff's response to the motion to dismiss was to be filed not later than January 8, 2008 and has not been filed to date.

    A complaint should be dismissed for failure to state a claim only if it appears beyond a reasonable doubt that the plaintiffs can prove no set of facts in support of the claim which would entitle the plaintiffs to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In order to survive a challenge under Rule 12(b)(6) a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery

under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F. 2d 1101, 1106 (7th Cir. 1984).

FACTS

For the purposes of deciding defendant's motion to dismiss the facts alleged in plaintiff's complaint are taken as true.

Plaintiff is currently incarcerated at the Racine Correctional Institution, Sturtevant, Wisconsin. The State of Wisconsin is a state.

Plaintiff alleges that the State of Wisconsin discriminated against him on the basis of race when he was convicted of a crime. He seeks money damages.

MEMORANDUM

Plaintiff claims that the defendant violated his rights under 42 U.S.C. §§ 1981 and 1983. Eleventh Amendment immunity bars any claims against the State under these statutes. Keri v. Board of Trustees of Purdue University, 458 F.3d 620, 641 (7th Cir. 2006), cert. Denied, 127 S.Ct. 1331 (2007). Accordingly, plaintiff's claims must be dismissed based on Eleventh Amendment immunity.

In addition any claims that petitioner raises concerning the fact or duration of his confinement cannot be pursued under 42 U.S.C. §1983 unless the state conviction or sentence is reversed, expunged, invalidated or impugned by the grant of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff

has not shown that his state conviction is not valid. Accordingly, his complaint could also be dismissed on the merits under Heck. Defendant's motion to dismiss plaintiff's complaint will be granted.

Plaintiff's motion for summary judgment will be denied as moot and is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his claim must be dismissed. See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).

## ORDER

IT IS ORDERED that defendant's motion to dismiss plaintiff's complaint is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is DENIED as moot.

IT IS FURTHER ORDERED that judgment be entered in favor of defendant against plaintiff DISMISSING his complaint and all claims contained therein with prejudice and costs.

Entered this 25th day of January, 2008.

BY THE COURT:

/s/
_____
JOHN C. SHABAZ
District Judge