IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CRAIG MILLER,

                                ORDER

                 Plaintiff,

                          07-cv-567-jcs

       v.

STATE OF WISCONSIN,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Because Judge Shabaz will be convalescing from shoulder surgery for a period of not less than sixty days beginning February 1, 2008, I have assumed administration of the cases previously assigned to him, including this one.  In an order dated January 25, 2008, Judge Shabaz granted defendant's motion to dismiss plaintiff's complaint, finding that the defendant State of Wisconsin is immune from suit under the Eleventh Amendment and that in any event plaintiff's claim that he was discriminated against on the basis of his race when he was convicted of a crime was barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994). Judgment was entered on January 29, 2008.  Now before the court is plaintiff's "Motion for Reconsideration," which I construe as a timely motion to alter or amend judgment under Fed. R. Civ. P. 59.  Because I am convinced that plaintiff's claim is barred

1

both by Eleventh Amendment immunity and Heck, the motion will be denied.

The purpose of a Rule 59 motion is to bring the court's attention to newly discovered evidence or to a manifest error of law or fact. E.g., Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000).  It is not intended as an opportunity to reargue the merits of a case, Neal v. Newspaper Holdings, Inc., 349 F.3d 363, 368 (7th Cir. 2003), or to present evidence that could have been presented at an earlier time.  Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d 609, 615 (7th Cir. 2006).  In order to obtain relief under Rule 59, the movant must "clearly establish" his or her grounds for relief.  Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir.  2001).

In his Rule 59 motion, plaintiff contends that he failed to respond to defendant's motion to dismiss because he misunderstood the court's scheduling order. However, even if he had presented his arguments earlier the motion to dismiss would have been granted. In his motion  plaintiff argues that the Fourteenth Amendment waives the state's Eleventh Amendment immunity in this case, but he fails to cite any case on point that supports his position and I am aware of none.  Plaintiff argues as well that Heck does not apply to his case, but again he supplies no support for his position.  The law is clear.  He cannot challenge the fact or duration of his confinement in a 42 U.S.C. § 1983 action without showing first that his conviction or sentence has been reversed, expunged, invalidated or impunged by the grant of a writ of habeas corpus.

2

Because plaintiff has failed to show either that new evidence exists or a manifest error of law or fact was made in deciding his case, his Rule 59 motion must be denied.

For plaintiff's information, the time for filing an appeal runs for all parties from the date of entry of an order disposing of a timely filed Rule 59 motion.  Fed. R. App. P. 4(A). Fed. R. App. P. 4(a)(1)(A) provides that the notice of appeal may be filed by any party within 30 days after the judgment or order appealed from is entered. Therefore, if petitioner intends to file an appeal in this case, he has 30 days from the date of entry of this order in which to do so.

ORDER

IT IS ORDERED that plaintiff Craig Miller's motion under Fed. R. Civ. P. 59 is DENIED.

Entered this 20th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3